J-S76023-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :---: |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL SCOTT MUZZY, | : | |
| | : | |
| Appellant. | : | No. 593 WDA 2018 |

Appeal from the PCRA Order, January 23, 2018,
in the Court of Common Pleas of Warren County,
Criminal Division at No(s):  CP-62-CR-0000043-2013.

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY KUNSELMAN, J.:                    FILED MARCH 13, 2019

Daniel Scott Muzzy appeals pro se from the order denying as untimely his second petition for post-conviction relief filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The pertinent facts and procedural history are as follows:  On April 12, 2013, Muzzy entered a negotiated plea to one count of involuntary deviate sexual intercourse ("IDSI") with a minor, and the Commonwealth agreed to withdraw all the remaining charges.  On October 8, 2013, the trial court sentenced Muzzy to a term of ten to twenty years of imprisonment.  The trial court also designated him a sexually violent predator ("SVP").  On October 17, 2017, the Commonwealth filed a motion to reconsider Muzzy's sentence, which the trial court denied on November 19, 2013.  Muzzy did not file a direct appeal.

On November 12, 2014, Muzzy filed a timely pro se PCRA petition. The PCRA court appointed counsel who filed an amended petition on April 29, 2015. The PCRA court held an evidentiary hearing on July 16, 2015. By order entered on July 21, 2015, the PCRA court denied the amended petition. Muzzy filed an appeal to this Court. PCRA counsel filed a no-merit letter and sought to withdraw pursuant to the dictates of Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988)(en banc). The original panel concluded that PCRA counsel's letter to Muzzy contained inaccurate information. The panel therefore denied PCRA counsel's petition to withdraw and remanded the case for PCRA counsel to "either file an advocate's brief or to refile her 'no-merit' letter under Turner/Finley." Commonwealth v. Muzzy, 141 A.3d 509, 512 (Pa. Super. 2016).

When the case returned to this Court, the panel treated PCRA counsel's filing as an advocate's brief even though she had filed another petition to withdraw. See Commonwealth v. Muzzy, 158 A.3d 179 (Pa. Super. 2016), unpublished memorandum at 4-5. We then rejected Muzzy's challenge to the effectiveness of plea counsel, and, therefore affirmed the order denying post-conviction relief. Id. at 10.[1] On February 15, 2017, our Supreme Court denied Muzzy's petition for allowance of appeal. Commonwealth v. Muzzy, 166 A.3d 1222 (Pa. 2017).

_____

[1] We also denied counsel's petition to withdraw as counsel.

Muzzy filed the pro se petition at issue, his second, on March 3, 2017. On December 1, 2017, the PCRA court issued Pa.R.Crim.P. 907 notice of its intention to dismiss Muzzy's second petition without a hearing. Muzzy filed a response. By order entered January 26, 2018, the PCRA court denied Muzzy's second PCRA petition. This timely appeal followed. Both Muzzy and the PCRA court have complied with Pa.R.A.P. 1925.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Commonwealth v. Halley, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. Commonwealth v. Carr, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. Commonwealth v. Jordan, 772 A.2d 1011, 1104 (Pa. Super. 2001).

Before addressing the eleven claims Muzzy raises on appeal, we must first determine whether the PCRA court correctly concluded that Muzzy's PCRA petition was untimely.

The timeliness of a post-conviction petition is jurisdictional. Commonwealth v. Hernandez, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment

is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii), is met.[2]  42 Pa.C.S.A. § 9545.  A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented."  See Hernandez, 79 A.3d 651-52 (citations omitted); see also 42 Pa.C.S.A. § 9545(b)(2).  Finally, exceptions to the PCRA's time bar must be pled in the petition, and may not be raised for the first time on appeal.  Commonwealth v. Burton, 936 A.2d 521, 525 (Pa. Super. 2007); see also Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

_____

[2] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

Here, Muzzy's judgment of sentence became final on December 19, 2013, thirty days after the time for filing an appeal to this Court expired. See Pa.R.Crim.P. 720(a)(4) (providing "[i]f the Commonwealth files a timely post-sentence motion pursuant to Rule 721, the defendant's notice of appeal shall be filed within 30 days of the entry of the order disposing of the Commonwealth's motion"). Thus, in order to be timely for PCRA purposes, Muzzy was required to file his second PCRA petition by December 19, 2014. Because Muzzy filed his second PCRA petition in 2017, it is untimely, unless Muzzy has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. See Hernandez, supra.

Muzzy has not pled, let alone proven, any exception to the PCRA's time bar. Thus, the PCRA court correctly held that Muzzy's second PCRA was untimely, and the PCRA court lacked jurisdiction to consider Muzzy's underlying claims. We therefore affirm the order denying post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/13/2019

- 5 -